91 F.3d 133
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Belay T. SEBSIBE, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 95-2025.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 31, 1996.
Decided July 18, 1996.
 
 On Petition for Review of an Order of the Immigration and Naturalization Service. (A27-861-125)
 Jim Tom Haynes, FRAGOMEN, DEL REY & BERNSEN, P.C., Washington, D.C., for Petitioner. Frank W. Hunger, Assistant Attorney General, Karen Fletcher Torstenson, James A. Hunolt, Office of Immigration Litgation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.
 BIA
 AFFIRMED
 Before HALL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Belay T. Sebsibe appeals the Board of Immigration Appeals' denial of his motion to reopen his deportation proceedings to allow him to pursue a suspension of his deportation under 8 U.S.C.A. § 1254 (West 1994). We affirm.
 
 
 2
 Motions to reopen are disfavored and the alien bears a "heavy burden" to meet the necessary standard of proof. I.N.S. v. Abudu, 485 U.S. 94, 110 (1988). We review the BIA's denial of a motion to reopen for an abuse of discretion. Yanez-Popp v. I.N.S., 998 F.2d 231, 234 (4th Cir.1993). An abuse of discretion exists only if the BIA's decision was made without rational explanation, irrationally departs from established policies, or rests on an impermissible basis, such as ethnic discrimination. M.A. v. I.N.S., 899 F.2d 304, 310 (4th Cir.1990) (en banc). Our review had found none of these potentially discrediting factors warranting reversal.
 
 
 3
 Specifically, Sebsibe's arguments in his brief fail to persuade us that the Board abused its discretion. We find that the Board considered all relevant factors in denying the motion to reopen and did not rely on invidious discrimination. Additionally, we find no departure by the Board from its established procedures by not weighing discretionary favorable factors against unfavorable factors. Sebsibe's remaining claims also fail to show an abuse of discretion.
 
 
 4
 Accordingly, we affirm the Board's denial of Sebsibe's motion to reopen. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.